J. COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@jcogburnlaw.com
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
jjt@jcogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, NV 89074
Telephone: (702) 747-6000
Facsimile: (725) 465-8731
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA DEAN, an Individual,<br><br>       Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT #3308, a Foreign Corporation; DOE Individuals 1–10; DOE Employees 11–20; and ROE Corporations 21–30,<br><br>       Defendants. | Case No.: 2:24-cv-00367-RFB-DJA<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>~~**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**~~<br><br>**<u>SPECIAL SCHEDULING REVIEW REQUESTED</u>** |

  Plaintiff Maria Dean ("Plaintiff") and Defendant Home Depot U.S.A., Inc. ("Defendant"), by and through their respective counsel of record, held a telephonic conference on March 18, 2024, and by and through their respective counsel of record, file this, their Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

. . .

. . .

. . .

# PROPOSED SCHEDULE

## I. SPECIAL SCHEDULING REVIEW REQUESTED

This matter involves an allegation of negligence and failure to warn against Defendant Home Depot U.S.A., Inc., resulting in alleged catastrophic injuries and medical treatment.

**Defendant's Position**

The HIPAAs in this case were not produced by the Plaintiff until after the removal of the case.

**Plaintiff's Position**

Prior to the FRCP 26(f) conference, Plaintiff produced her Initial Disclosure on February 28, 2024, which included an open HIPAA authorization.

Thus, 240 days for discovery is respectfully requested.

## II. FED. R. CIV. P. 26(a) INITIAL DISCLOSURE

Parties have agreed to exchange initial disclosures no later than **April 1, 2024**, which is 14 days after the Rule 26 Conference was held. The parties expressly agree any document productions shall be bates-stamped with the parties' respective identifying bates system.

~~**Defendant's Position**~~

~~Defendant seeks to strike certain internet materials that purport to be Home Depot's confidential business materials, which if authentic, were unlawfully uploaded to YouTube. Despite receiving notice the business materials, if authentic, were not properly designated confidential or applicable to the case, Plaintiff has refused to sign a confidentiality stipulation or revise the Disclosure. Home Depot intends to request to produce its own document applicable to the Incident rather than rely on Plaintiff's unlwfully uploaded and unauthenticated internet materials.~~

. . .

. . .

. . .

~~**Plaintiff's Position**~~

~~Plaintiff found and produced a YouTube video that was uploaded to YouTube over ten years ago. Plaintiff did not upload the video to YouTube and it is Plaintiff's position that it is not confidential because it is currently on YouTube.~~

### III. ESTIMATE OF TIME REQUIRED FOR DISCOVERY

#### A. DISCOVERY CUT-OFF DATE

Discovery will take 240 days from February 22, 2024, which is the date Defendant filed its Petition for Removal in the Federal Court. Accordingly, all discovery must be completed no later than **October 21, 2024**. The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases.

#### B. AMENDING THE PLEADINGS AND ADDING PARTIES

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than **July 23, 2024.**

#### C. FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than **August 22, 2024** and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than **September 23, 2024**. Home Depot intends to conduct two independent medical examinations but Plaintiff will not stipulate to the examination.

. . .

. . .

. . .

### D. DISPOSITIVE MOTIONS

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore not later than **November 20, 2024**.

### E. PRETRIAL ORDER

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than **December 20, 2024**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

### F. ALTERNATIVE DISPUTE RESOLUTION

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

### G. ALTERNATIVE FORMS OF CASE DISPOSTION

The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program and have elected not to do so.

### H. ELECTRONIC EVIDENCE

#### 1. Electronically Stored Information and Electronic Service of Documents

The parties have discussed the retention and production of electronic data.

~~**Defendant's Position**~~

~~Plaintiff has refused to serve file-stamped documents by email, even when a copy is requested by a party. Defendant does not consent to serving only discovery documents by email and believes~~ **all** ~~case documents, including copies of court filings, should be served by email. Plaintiff has refused that request without explanation. Discovery documents should therefore be served by mail in accordance~~

1  ~~with Fed. R. Civ. 5(b). To the extent discovery requests are served on a Saturday, Sunday, or legal~~
2  ~~holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal~~
3  ~~holiday.~~

   **~~Plaintiff's Position~~**

5  ~~Plaintiff does consent to electronic service of discovery only. Said service shall be deemed~~
6  ~~completed by sending an email with the related discovery document(s) to all service addresses for~~
7  ~~counsel and counsel's staff on record with the court for the above-captioned matter at the time of~~
8  ~~service. When serving by email, if any error or delayed delivery message is received by the sending~~
9  ~~party, that party shall promptly (within one business day of receipt of such message) notify the intended~~
10 ~~recipient(s) of the message and serve the pleading or other papers by other authorized means.~~
11 ~~Whether served by e-mail or by mail, three additional days shall be added to the timeline within~~
12 ~~which to respond, as provided for in Fed. R. Civ. P. 6(d).~~
13 ~~The parties reserve the right to revisit this issue if a dispute or need arises.~~

   **2.      Electronic Evidence Conference Certification**

The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations but did not reach any stipulations as to jury deliberations at this early stage of the proceedings.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## IV. EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order and requests for extensions of time must be requested twenty-one days before the first deadline expires unless good cause is shown.

Dated this 25th day of March, 2024.                    Dated this 25th day of March, 2024.

J. COGBURN LAW                                         HOMAN, STONE & ROSSI, APC

By: */s/ Joseph J. Troiano*                            By: */s/ Lynn Rivera*
    Jamie S. Cogburn, Esq.                                 Lynn V. Rivera, Esq.
    Nevada Bar No. 8409                                    Nevada Bar No. 6797
    Joseph J. Troiano, Esq.                                2032 Whitecliff Drive
    Nevada Bar No. 12505                                   Reno, NV 89521
    2580 St. Rose Parkway, Suite 330                       *Attorney for Defendant*
    Henderson, NV 89074
    *Attorneys for Plaintiff*

## ORDER

IT IS HEREBY ORDERED that the parties' stipulation (ECF No. 14) is GRANTED IN PART and DENIED IN PART.

It is denied in part regarding the portions this Court has stricken. Those portions include the parties' dispute over documents included in the initial disclosures, and Defendant's desire to "strike" certain materials. That request is not properly made in the discovery plan and, to the extent the parties cannot resolve their dispute, should be brought in a separate motion. Those portions also include the parties' dispute over electronic service, which does not appear to be ripe given the parties' assertion that they "reserve the right to revisit this issue if a dispute or need arises."

The stipulation is granted in part in all other respects.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: March 26, 2024