UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Maria Dean, | Case No. 2:24-cv-00367-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Home Depot U.S.A., Inc. dba The Home Depot #3308; et al., | |
| Defendants. | |

    Before the Court is Defendant Home Depot U.S.A., Inc. dba The Home Depot #3308's motion to compel Federal Rule of Civil Procedure 35 examinations (ECF No. 50), motion for protective order (ECF No. 51), and motion to continue discovery (ECF No. 52).[1] Plaintiff Maria Dean opposes the motions. Because the Court finds that Nevada law currently governs the conditions of the Rule 35 examinations, the Court denies Defendant's motion to compel Plaintiff to undergo a Rule 35 examination without the conditions Plaintiff proposes. (ECF No. 50). Because the Court finds that a protective order is premature in this instance, it denies Defendant's motion for protective order. (ECF No. 51). Because the Court finds that Defendant has shown good cause for the extension requested, it grants Defendant's motion to continue discovery. (ECF No. 52).

**I.    Defendant's motion to compel.**

    Defendant moves to compel Plaintiff to attend an orthopedic examination conducted by Dr. MaryAnn Shannon and a neuropsychology examination conducted by Dr. Robert Bilder and

---

[1] Also before the Court is Defendant's combined motion, which sought all three forms of relief. (ECF No. 48). After the Clerk of Court advised Defendant of Local Rule IC 2-2(b), Defendant filed the motion as three separate motions. Because ECF No. 48 seeks substantively the same relief as the three separate motions, the Court will deny ECF No. 48 as moot.

1 Dr. Daniel Allen.  (ECF No. 50 at 5).  Plaintiff does not oppose the examinations, but has
2 requested that she be accompanied by a nurse practitioner hired by Plaintiff to observe the
3 examinations and that she be allowed to video record the examinations.  (ECF No. 55 at 2).
4 Defendant points out that, while Dr. Shannon is willing to permit an audio recording of her
5 examination and to allow for Plaintiff to be accompanied by someone for moral support, Dr.
6 Shannon does not agree that the person be a medical professional, attorney, or anyone affiliated
7 with Plaintiff's counsel's office.  (ECF No. 50 at 11); (ECF No. 58 at 6).  Defendant also points
8 out that Drs. Bilder and Allen do not oppose Plaintiff audio recording the history and interview
9 portion of the neuropsychological examination, but disagree with Plaintiff recording the testing
10 portion of the examination in any fashion and disagree with Plaintiff having any observer present.
11 (ECF No. 50 at 13, 16).

12       The parties' arguments for and against these conditions center around Nevada Revised
13 Statute § ("NRS") 629.620, and whether it, or Federal Rule of Civil Procedure 35 governs this
14 Court's analysis regarding Plaintiff's proposed conditions.  NRS § 629.620 provides that a person
15 compelled to submit to a mental or physical examination under a court order retains the right to,
16 amongst other things: (1) "[h]ave any observer of choice present throughout the examination,
17 including, without limitation, the person's attorney, provider of health care or any other person
18 hired by or on behalf of the person"; and (2) "[a]fter providing notice to the examiner, make an
19 audio, stenographic or video recording of the examination or appoint an observer to make such a
20 recording."  Nev. R. Stat. § 629.620(1)(b), (e).  However, while Defendant points out that the
21 Nevada Supreme Court is currently determining cases challenging the constitutionality of NRS
22 § 629.620, the Nevada Supreme Court has not yet decided the issue because those cases are
23 ongoing and are set for oral argument on October 8, 2025.  *See Powers v. Dist. Ct.*, No. 89144
24 (Nev.) (consolidated action).  And, in the meantime, the undersigned magistrate judge and at least
25 one district judge in this district have already determined that NRS § 629.620 is substantive such
26 that the Court must apply it in diversity cases under the *Erie* doctrine.  *See Erie v. R.R. v.*
27 *Tompkins*, 304 U.S. 64 (1938); *Dayley v. LVGV, LLC*, No. 2:23-cv-00456-CDS-EJY, 2024 WL
28

4512099 (D. Nev. Oct. 16, 2024); *see Kelly v. Burks Companies, Inc.*, No. 2:24-cv-00319-CDS-DJA, 2025 WL 2320601 (D. Nev. Aug. 12, 2025).

Unless and until the Nevada Supreme Court issues a decision regarding NRS § 629.620's constitutionality, the analyses in *Dayley* and *Kelly* also drive the Court's determination here. And, under the rationale in those cases, NRS § 629.620 is controlling on the issue of Plaintiff's rights to an observer of her choosing and to record the entirety of the examinations. The Court therefore denies Defendant's motion to compel Plaintiff's Rule 35 examinations to proceed without these conditions.

## II.     Defendant's motion for protective order.

Defendant moves for a protective order precluding disclosure of neuropsychological testing data derived from Plaintiff's Rule 35 neuropsychological examination to anyone other than another qualified neuropsychologist. (ECF No. 51 at 1). Plaintiff opposes, arguing that Rule 26 mandates that the examiners reveal all of the data on which they base their opinions. (ECF No. 56 at 4). Plaintiff requests that the examiners reveal the data to her counsel and her experts, but not to her. (*Id.*). In reply, Defendant points out that the disclosures required of examiners under Rule 35 are different than those required of experts under Rule 26. (ECF No. 59 at 3).

As a preliminary matter, this motion comes to the Court on a curious procedural posture. Defendant seeks a protective order under Rule 26(c) to prevent its Rule 35 neuropsychological examiners—who have not yet conducted their examination—from being forced by Plaintiff's counsel to reveal their raw testing data to anyone other than a qualified neuropsychologist. However, it is not clear to the Court that Plaintiff would be automatically entitled to that data in the first place such that a protective order is necessary. And, based on Defendant's presentation of the parties' meet and confer efforts, it does not appear that Plaintiff's counsel formally requested the data, but rather, requested the data in an email. (ECF No. 51 at 3).

Plaintiff relies on Rule 26(a)(2)(B)(ii) as the basis for her argument that she is entitled to "the facts or data considered by the witness in forming [the witness' opinions]." But that rule involves expert testimony. It is not clear to the Court that Defendant intends to rely on Drs. Bilder or Allen as experts under Rule 26. Instead, Defendant has indicated that Drs. Bilder and

Allen are examiners under Rule 35. Rule 35 does not contain the same requirements for disclosure as Rule 26. *See* Rule 35(b)(2) (providing that "[t]he examiners report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests"). Because the basis on which Plaintiff has requested this raw testing data is unclear, the Court cannot conduct the proper analysis to determine whether a protective order is necessary. So, the Court denies Defendant's motion for a protective order as premature.

### III. Defendant's motion to continue discovery.

Defendant moves to extend the discovery deadlines by ninety days to permit it to complete Plaintiff's Rule 35 examinations. (ECF No. 52 at 3). Plaintiff does not oppose the extension, but argues that a ninety day extension is unnecessary. (ECF No. 57). Defendant replies that its requested extension was intended to account for the Court's timing in deciding the motion to compel and for protective order. (ECF No. 60). The Court finds that Defendant has shown good cause and therefore grants Defendant's motion and will enter Defendant's proposed deadlines given the timing of this order.

**IT IS THEREFORE ORDERED** that Defendant's combined motion (ECF No. 48) is **denied as moot.**

**IT IS FURTHER ORDERED** that Defendant's motion to compel a Rule 35 examination without the parameters proposed by Plaintiff (ECF No. 50) is **denied.** Because the parties do not disagree over the necessity of Rule 35 examinations, this order should not be construed as precluding those examinations.

**IT IS FURTHER ORDERED** that Defendant's motion for protective order (ECF No. 51) is **denied as premature.**

///

///

///

**IT IS FURTHER ORDERED** that Defendant's motion to continue discovery (ECF No. 52) is **granted.** The below deadlines shall govern discovery:

| | |
|---|---|
| Expert disclosures: | October 24, 2025 |
| Rebuttal expert disclosures: | November 24, 2025 |
| Close of discovery: | December 29, 2025 |
| Dispositive motions: | January 30, 2026 |
| Joint pretrial order: | March 2, 2026[2] |

DATED: September 10, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.